DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

May, 1878.

LAWRENCE G. RENO, Appellant, v. LEWIS MILLS-PAUGH, Respondent.

*Justice's Court — Appeal to County Court — Amendments to pleadings in County Court — what cannot be allowed — Code, § 366, sub. 5.*

Under subdivision 5 of section 366 of the old Code, authorizing the County Court to allow either party to amend his pleadings upon such terms as shall be just, in cases where a new trial may be had in that court, the court cannot allow an answer, interposed in the Justice's Court, consisting of a general denial, to be amended by inserting therein new and affirmative defenses, such as payment, set-off or counterclaim.

*Semble*, that no amendments should be allowed which will entirely change the issues in the court below, but only such as will enable the parties fully and fairly to try such issues.

APPEAL from an order of the County Court of Schuyler county allowing defendant to amend his answer.

This action was commenced before a justice of the peace. The complaint demanded judgment for sixty dollars. The answer in that court was a general denial, and the case was adjourned for trial. The defendant was not present at the trial, nor did any one represent him there, and judgment was taken against him by default. The defendant appealed to the County

Court, and moved that court, on affidavits and due notice, for leave to amend his answer. The County Court granted the motion, and ordered that the proposed answer stand as the amended answer in the case.

The amended answer consisted of a general denial, a plea of payment, and of a set-off or counterclaim.

*M. M. Mead,* for the appellant.

*W. L. Norton,* for the respondent.

*Per Curiam:*

The law seems to give to defendant on appeal in cases like this a new trial if desired in the County Court. But we do not think it was intended that the issues joined in the court below should be affected by the introduction of entirely new and affirmative defenses. Such a power would work very great injustice to the plaintiff in many cases, by reason of the provisions under which he might be charged with the costs in the event of the recovery being reduced.

We think, therefore, that the power to amend was not intended to be so exercised as to allow an entire change of the issues joined in the court below, but only to allow such changes of the pleadings as to enable the parties fully and fairly to try such issues.

If, however, we are in error on this point we still think the allowance of such radical amendments, as the introduction for the first time in the County Court of new and affirmative defenses, such as payment, set-off and counterclaim, would not be just and proper, and ought not in any case to be allowed. The consequences of such a practice would be mischievous in the extreme, and would render the bringing actions in justices' courts a dangerous and often a serious experiment on the part of the plaintiff. The granting of a new trial in the County Court is bad enough in itself. But if the issue joined in the justice's court may be wholly changed by the introduction of other and new defenses, the plaintiff's condition would become intolerable and great wrongs be perpetrated under the forms of law.

The order of the County Court appealed from should be reversed with $10 costs and printing disbursements, and the motion to amend denied.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Order reversed with $10 costs and printing disbursements, and motion denied.